UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY EARL POLK, | ) Case No. EDCV 09-615-OP |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

## I.
## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") obtained adequate waiver from Plaintiff to proceed without representation at the hearing, and whether Plaintiff suffered prejudice as result of such waiver;
2. Whether the ALJ properly considered the opinion of his treating physician;[3] and
3. Whether the ALJ properly evaluated Plaintiff's credibility.

(JS at 3.)

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).

---

[3] Plaintiff argues that the ALJ failed to consider the totality of the medical evidence (JS at 3), but fails to cite to any other opinions than those of his treating physician. Thus, the Court construes Plaintiff's claim as whether the ALJ properly evaluated the treating physician's opinion.

Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

### A. Plaintiff Suffered No Prejudice From His Waiver of Counsel.

Plaintiff contends that the ALJ's failure to obtain a proper waiver of counsel at the administrative hearing rendered the proceedings unfair and caused Plaintiff to suffer prejudice. (JS at 4-7.) Plaintiff argues that he was unable to cross-examine the vocational expert ("VE") regarding Plaintiff's ability to perform certain occupations. (Id. at 6.) Plaintiff further argues that the ALJ failed to seek clarification about Plaintiff's need to periodically lay down. Rather, "the ALJ pressured and led Plaintiff into testifying that he could do a job with a sit/stand option, ignoring his need to lay down." (Id.) Plaintiff also asserts that the ALJ failed to question the VE about the impact on the job base due to Plaintiff's periodic need to lay down. (Id.) The Court disagrees with Plaintiff's contentions.

### 1. Applicable Law.

While an ALJ has an independent duty to fully and fairly develop a record in order to make a fair determination as to disability, that duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect his or her own interests. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Tonapetyan v. Halter, 242 F.3d, 1144, 1150 (9th Cir. 2001); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996). When a claimant appears at a hearing without counsel, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)). Although a plaintiff has the right to be represented by

counsel at an administrative hearing before an ALJ, the "[l]ack of counsel does not affect the validity of the hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings." Key, 754 F.2d at 1551 (citing Vidal v. Harris, 637 F.2d 710, 713 (9th Cir. 1981)).

    **2.** **Analysis.**

        **a.** **Waiver.**

While not indicative of a lack of prejudice or unfairness, it is notable to mention that Plaintiff received at least four separate notices regarding his right to counsel prior to the hearing. (Administrative Record ("AR") at 58, 65, 69, 75.) At the onset of the hearing, the ALJ engaged in the following dialogue with Plaintiff:

    ALJ: [I]t's my responsibility to see that you have a full and fair hearing today, so I want to discuss some important rights you have, and talk about how we'll proceed today. One of the most important rights you have is the right to counsel, or an attorney to represent you, but there's no requirement that you be represented by counsel. You're entitled to proceed representing yourself. As I've reviewed the file, I see that you've been advised of your right to counsel through written notices that were sent to you in the mail. I see that you're here without counsel, but with family who may be testifying in your behalf, which is just fine.

    Plaintiff: Okay.

    ALJ: But in any event, I understand that you're proceeding without counsel.

    Plaintiff: Yes, sir.

    ALJ: Is that, is that what you want to do?

    Plaintiff: Yes, sir.

(Id. at 22-23.) From the Court's review of the record, there is nothing improper about Plaintiff's waiver of counsel. The written notices, along with ALJ's colloquy, sufficiently informed Plaintiff about his right to counsel. Thus, Plaintiff

knowingly and intelligently waived his right to counsel at the hearing.  See e.g., Perez v. Astrue, CV 07-06726-MAN, 2009 WL 3170041, at *4 (C.D. Cal. Sept. 29, 2009) (finding plaintiff's waiver to be deficient where there was no dialogue on record between the ALJ and plaintiff indicating whether plaintiff understood her right to representation and her informed waiver of that representation).

### b. **Prejudice.**

Even if Plaintiff did not properly waive his right to counsel, the Court finds that Plaintiff did not suffer any prejudice, as the record was fully and fairly developed.  First, the ALJ throughly questioned Plaintiff about his daily activities, functional limitations given his impairments, subjective pain, medical treatment, and other factors related to the disability application.  (AR at 28-38.)  Crediting all of Plaintiff's subjective limitations, the ALJ then questioned the VE about Plaintiff's functional abilities.  (Id. at 40.)  Thereafter, Plaintiff was given an opportunity to cross-examine the VE, but Plaintiff only asked the VE about the pay rate for the occupations identified.  (Id.)  Thus, the ALJ appropriately elicited testimony, both unfavorable and favorable, regarding Plaintiff's disability application; the ALJ also allowed Plaintiff ample opportunity to cross-examine the VE.  Key, 754 F.2d at 1551; Cox, 587 F.2d at 991).  Accordingly, Plaintiff did not suffer any prejudice resulting from not having counsel present.  Key, 754 F.2d at 1551.[4]

---

[4] While the ALJ did not provide the VE with a hypothetical including a periodic need for lying down, this was not error, as this limitation was not supported by objective medical evidence.  (JS at 6.)  Rather, the ALJ questioned Plaintiff about his daily activities, pain, and functional limitations.  (AR at 28-38.)  Plaintiff testified that he alternated positions of sitting, standing, and walking.  (Id.)  Plaintiff also testified that when he is unable to sit any longer, he lays down or walks outside.  (Id. at 32.)  The ALJ appropriately determined that Plaintiff required certain breaks, allowing for postural breaks during periods of sitting, and

(continued...)

Moreover, any duty the ALJ had to develop the record further was adequately discharged when the ALJ subpoenaed Plaintiff's medical records and left the record open for thirty days to allow for supplementation of the record. (AR at 23-26; 196-399); see also Tonapetyan, 242 F.3d at 1150 ("The ALJ may discharge this duty [to develop the record] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record"); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998). Plaintiff did not avail himself of an opportunity to further supplement the record.

Based on the foregoing, Plaintiff has not demonstrated prejudice or unfairness in his administrative proceeding resulting from not having counsel present. Thus, remand or reversal is not warranted.[5]

**B.    Remand Is Warranted Due to the ALJ's Failure to Properly Consider the Opinion of Plaintiff's Treating Physician.**

Plaintiff contends that the ALJ erroneously rejected the opinion of the treating physician, Dr. Choe. (JS at 12-15.) The Court agrees with Plaintiff's

---

[4](...continued)
included this limitation in the hypothetical to the VE. (Id. at 37-40.) Based on the foregoing and contrary to Plaintiff's assertion, the Court determines that the record does not support a finding that Plaintiff required a limitation of periodically laying down throughout the day. Thus, there was no error here.

[5] Contrary to Plaintiff's contention (JS at 6), there was no evidence that the ALJ "pressured" Plaintiff into testifying about occupations with only sit or stand options. Plaintiff fails to identify how the ALJ coerced testimony from him, and the record does not support any contentions of coercion. Rather, the ALJ merely questioned Plaintiff about his daily activities and functional limitations, including his sitting, standing and walking abilities. (AR at 28-38.) There is no evidence in the record to establish any prejudice or unfairness in the proceedings. Thus, there was no error here.

contention.[6]

### 1. Applicable Law.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own

---

[6] Plaintiff also argues that the ALJ rejected his subjective testimony and credibility within his contention regarding the treating physician. (JS at 12-15.) The Court will discuss this issue in the credibility section. See infra, Discussion, Part III.C.

complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

    **2.**    **Analysis.**

Here, the ALJ rejected Dr. Choe's opinion that Plaintiff was temporarily disabled through December 5, 2007. (AR at 17, 194.) The ALJ rejected Dr. Choe's opinion, as it was conclusory and not supported by objective medical evidence. (Id. at 17); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because they were check-off reports that did not contain any explanation of the bases of their conclusions); Thomas, 278 F.3d at 957. The ALJ also rejected Dr. Choe's opinion based upon findings of other medical opinions, that of the consultative examiners, which were contrary to Dr. Choe's opinion. (AR at 16-17.) Both consultative examiners, without reviewing the medical record, opined that Plaintiff could sustain a range of sedentary work. (Id. at 160-63, 188-91.) While the ALJ seemingly provided specific and legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Choe, the ALJ did so erroneously. The reports of the consultative examiners were completed in 2006 and 2007, prior to the disability hearing and the supplementation of the administrative record with the bulk of Plaintiff's medical records. (Id. at 20-40, 160-63, 188-91, 196-399.) The Court is unconvinced that Dr. Choe's "check-the-box" report is entitled to less weight, and

the consultative examiners' "check-the-box" reports are entitled to more weight. (Id. at 160-63, 188-91, 194.) In fact, the supplementation to the record, approximately two hundred pages, evidences Plaintiff's difficulty walking, consistent and undiagnosed complaints of pain, and other factors that may affect Plaintiff's disability application. (Id. at 196-399.) Moreover, the consultative examiners provided opinions of Plaintiff's functional limitations based upon an incomplete medical record. (Id. at 160-63, 188-91.) Thus, the ALJ's decision to reject Dr. Choe's opinion was erroneous.

Based on the foregoing, the Court finds that the ALJ committed legal error by failing to provide specific and legitimate reasons, based upon substantial evidence, to reject the opinion of Dr. Choe. On remand, the ALJ will have an opportunity to address these issues again, further develop the record as to Plaintiff's limitations, if necessary, and should consider these issues in determining the merits of Plaintiff's case.

**C.    The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting Plaintiff's subjective complaints. (JS at 17-19.) Plaintiff argues that the ALJ failed to consider Plaintiff's "consistent complaints of fatigue." (Id. at 18.) Additionally, Plaintiff argues that the ALJ failed to specify which allegations of pain and other symptoms he found not credible. (Id.) The Court disagrees with Plaintiff's contentions.

**1.    Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ

9

must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

SSR 96-7p[7] further provides factors that may be considered to determine a claimant's credibility such as: 1) the individual's daily activities; 2) the location,

---

[7] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

### 2. **Analysis.**

Here, the ALJ only rejected Plaintiff's testimony about constant swelling in his left leg, as it was unsupported by the medical evidence. (AR at 16.) While the Court is unconvinced that this is a "subjective" complaint, the ALJ's rejection of this allegation is supported by the record. (Id. at 198-205.) However, contrary to Plaintiff's contentions, the ALJ actually gave weight to Plaintiff's other subjective complaints regarding weakness, fatigue, and lower extremity pain. (Id. at 15-16.) The ALJ indicated that Plaintiff's subjective complaints and physical limitations were not inconsistent with Plaintiff's residual functional capacity ("RFC") for sedentary work. (Id. at 16.) As to Plaintiff's argument regarding a need for periodic breaks to lay down, this contention is not supported by the objective medical evidence. See supra, Discussion, Part III.B. Thus, Plaintiff's argument regarding credibility is without merit, and does not warrant remand or reversal.[8]

---

[8] Plaintiff also argues that the ALJ failed to provided sufficient reasons for disregarding the testimony of the lay witnesses. However, the ALJ did not reject the testimony of the lay witnesses, but rather considered the testimony in determining Plaintiff's RFC. (AR at 15-16.) Thus, this contention is also without
(continued...)

1 | D. **This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings (Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980)); where the record has been fully developed (Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986)); or where remand would unnecessarily delay the receipt of benefits. Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: January 8, 2010

/s/
HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[8](...continued)
merit, and does not warrant remand or reversal.